IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PITA PAL FOODS, L.P., <br> *Plaintiff,* | § § § | |
| VS. | § § § | |
| BEAR TRANSPORTATION SOLUTIONS, LLC, BEAR TRANSPORTATION SERVICES, L.P., and RAJWANT SINGH, INDIVIDUALLY AND D/B/A SAWAN TRANSPORT, <br> *Defendants* | § § § § § § § | Civil Action No. 4-14-CV-03544 |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE:

Plaintiff, PITA PAL FOODS, L.P. ("Plaintiff"), files its First Amended Original Complaint, complaining of Defendants BEAR TRANSPORTATION SOLUTIONS, LLC, BEAR TRANSPORTATION SERVICES, L.P. and RAJWANT SINGH, INDIVIDUALLY AND D/B/A SAWAN TRANSPORT (collectively referred to as "Defendants").

### 1. PARTIES

1.1   Plaintiff is a domestic limited partnership doing business in Texas.

1.2   Defendant, BEAR TRANSPORTATION SOLUTIONS, LLC, is a foreign limited liability company doing business in Texas, which may be served with this amended complaint on its counsel of record, Frank A. Piccolo, PREIS, PLC, 24 Greenway Plaza, Suite 2050, Houston, Texas 77046.

1.3   Defendant, BEAR TRANSPORTATION SERVICES, L.P., is a foreign limited partnership doing business in Texas, which may be served with this amended complaint on its

counsel of record, Frank A. Piccolo, PREIS, PLC, 24 Greenway Plaza, Suite 2050, Houston, Texas 77046.

1.4     Defendant, RAJWANT SINGH, INDIVIDUALLY AND D/B/A SAWAN TRANSPORT ("Singh"), is a nonresident individual who engaged in business in Texas, but does not maintain a regular place of business in this state or a designated agent for service of process. As such, given that this is a proceeding that arises out of the business done in this state and to which this Defendant is a party, pursuant to TCPRC 17.044(b), the Secretary of State is an agent for service of process on this Defendant.  Pursuant to TCPRC § 17.045(a), after being served with duplicate copies of process, the secretary of state shall immediately mail a copy of the process to the defendant by registered mail or by certified mail, return receipt requested to its following home address:

>   Rajwant Singh
>   5524 Rockview Drive
>   Bakersfield, CA 93313

## II. JURISDICTION

2.1     Pursuant to 28 U.S.C. § 1331, the United States District Court has jurisdiction of this action, as certain claims asserted herein arise under 49 U.S.C. § 14706.

## III. VENUE

3.1     Venue is proper in this district and division pursuant to 28 U.S.C § 1391(a)(1), as the judicial district and division in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV.  BACKGROUND FACTS

4.1     Pita Pal is manufacturer of food product based in Houston, Texas.  Pita Pal contracted with Bear Transportation Solutions, LLC and/or Bear Transportation Services, L.P. for the shipment of 672 cases of organic spicy red pepper hummus from Houston, Texas to the Costco in Tracy, California.  The bill of lading consigned the product to Bear Transportation Solutions, LLC, and Bear Transportation Solutions, LLC and/or Singh transported the shipment.  The shipment was damaged in transit, and when it arrived in California, it was refused by Costco.  The shipment was ruined and had to be destroyed.  As a result, Pita Pal suffered a loss of at least $41,529.60 for the product.

## V.  CAUSES OF ACTION AGAINST BEAR TRANSPORTATION SOLUTIONS, LLC AND SINGH

5.1     Bear Transportation Solutions, LLC and Singh are liable to Plaintiff under 49 U.S.C. § 14706 for the damage which occurred to the cargo over their line or the continuation of their line, and/or for negligence and breach of contract for their handling of the cargo which led to its destruction.

## VI.  CAUSES OF ACTION AGAINST BEAR TRANSPORTATION SERVICES, L.P.

6.1     Alternatively, Bear Transportation Services, L.P. is liable for negligence and breach of implied warranties.  In particular, Bear Transportation Services, L.P. breached its duties to Plaintiff by brokering the load to a carrier without the proper licensing, experience, insurance coverage, and/or capitalization to be responsible for handling the load and/or any loss or damages pertaining to the load, and/or in failing to secure their own insurance which would cover the load.  These breaches proximately caused the damages sustained by Plaintiff, for which Bear Transportation Services, L.P. is liable.  Bear Transportation Services, L.P. is liable to

Plaintiff pursuant to Tex. Bus. & Comm. Code § 17.50, and its conduct is actionable pursuant to Tex. Bus. & Comm. Code § 17.46(b)(1),(2),(5),(7) and/or (12).

## XIII.  DAMAGES

8.1    Plaintiff brings a claim for actual damages against Defendants in the amount of at least $41,529.60.

## IX.  ATTORNEYS' FEES

9.1    Plaintiff is entitled to recover from Defendant Bear Transportation Services, L.P. a reasonable attorneys' fee for services rendered by its counsel in prosecuting this lawsuit, pursuant to Tex. Civ. Prac. & Rem. § 38.001(8) and/or Tex. Bus. & Comm. Code § 17.50(d).

## X.  CONDITIONS PRECEDENT

10.1   Plaintiff has complied with all conditions precedent to the maintenance of all causes of action asserted in this proceeding.

WHEREFORE, Plaintiff prays that Defendants be served with citation and process, and that on final trial or hearing, Plaintiff recover from Defendants damages as pleaded above, plus prejudgment and post-judgment interest at the applicable legal rate, costs of Court, and such other and further relief to which Plaintiff may be justly entitled.

       Respectfully submitted,

       KELLY & SMITH, P.C.


       __/s/ Loren R. Smith_____
       Loren R. Smith
       State Bar No. 18643800
       smith@ksmpc.com
       Scott J. Braden
       State Bar No. 24067525
       sbraden@kellysmithpc.com
       4305 Yoakum Blvd.
       Houston, Texas  77006
       (713) 861-9900
       (713) 861-7100 (Fax)
       **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

    I hereby certify that on January 29, 2015, a true and correct copy of the foregoing document was filed electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.


       __/s/ Loren R. Smith_____
       Loren R. Smith